```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

ROCCO ROPPO, et al., etc.,       )
                                 )
                    Plaintiffs,  )
                                 )
     v.                          )    No.  09 C 1502
                                 )
ILLINOIS STATE BOARD OF ELECTIONS,)
et al.,                          )
                                 )
                    Defendants.  )
```

<u>MEMORANDUM ORDER</u>

Rocco Roppo and Maribel Amador have filed a putative class action against the Illinois State Board of Elections, all of its members and Cook County Clerk David Orr, seeking to invoke 42 U.S.C. §1983 ("Section 1983") by challenging an Illinois election law dealing with the retirement of state court judges. Although this Court has contemporaneously followed its uniform practice of setting an initial status hearing date (as it does with all cases newly assigned to its calendar), this sua sponte memorandum order directs plaintiffs' counsel to address a fundamental threshold question posed by the Complaint.

Instead of following the universal practice of numbering the Complaint's paragraphs seriatim, plaintiffs' counsel has adopted a pattern of dividing the allegations into several grouped subjects and numbering the paragraphs within each of those subjects as though they form a separate series (beginning with "1" in each instance). This memorandum order must perforce conform to that more awkward structure.

Thus the Complaint's section captioned "Provisions of State Law Involved ('Provisions')" contains this ¶2, which quotes a provision of the Illinois Constitution--its Art. VI, §12--that sets out provisions for the election and retention of judges. In part Art. VI, §12(b) states:

> The Office of a Judge shall be vacant upon his death, resignation, retirement, removal, or upon the conclusion of his term without retention of office.

Provisions ¶4 then quotes Ill. Const. Art. VI, §15(a):

> The General Assembly may provide by law for the retirement of Judges and Associate Judges at a prescribed age.

Next Provisions ¶5 quotes 705 ILCS 55/1, the statute by which the Illinois General Assembly exercised the power provided by the last-quoted constitutional provision:

> A judge is automatically retired at the expiration of the term in which the judge attains the age of 75. Such judges shall conclude all matters pending before him unless the Supreme Court makes other provisions for the disposition of such matters. This Section shall apply to all Supreme Court, appellate, circuit and associate judges.

Although it is clear that Ill. Const. Art. VI, §15(a), by its very terms, specifically authorizes the enactment of a statute providing "for the retirement of Judges and Associate Judges at a prescribed age," and although 705 ILCS 55/1 is obviously intended to be just such a statute (it provides for retirement "at the expiration of the term in which the judge attains the age of 75"), plaintiffs' counsel has proceeded in the

2

remainder of the Complaint by enshrouding that constitutional provision with a veil of silence and by speaking as though only Art. VI, §§11 and 12 are to be taken into account (see Facts and Allegations Common to All Counts ¶¶2, 3 and 4, Count I ¶2 and Count II ¶5). That approach strikes this Court as an effort to rewrite the Illinois Constitution to suit the views of plaintiffs and their counsel--a power that is clearly not reposed in them.

To put the matter a bit differently, this Court reads the Complaint as an assertion by plaintiffs and their counsel that in enacting 705 ILCS 55/1 the Illinois General Assembly has somehow improperly exercised a power that the 1970 Constitutional Convention expressly conferred upon it. Such an issue, which implicates the proper reading and reconciliation of provisions of the Illinois Constitution, would inherently seem to be questions of state law as to which the Illinois state courts are the ultimate arbiters, rather than posing any federal constitutional challenges.

Plaintiffs purport to be seeking the protection of their right to vote for judges, but the approach that they take could just as well be advanced to invalidate <u>any</u> state law prescription that sets the terms and conditions of voting.[1] This Court orders

---

[1] Needless to say, the United States Constitution does not constitutionalize a right to vote for judges as such. Judicial elections are solely a creature of state law (only in states that have chosen to have an elected judiciary, rather than employing one of the other alternatives of judicial selection), so it would

3

plaintiffs' counsel to appear at an initial status hearing at 9 a.m. March 20, 2009 to address the concerns raised by this memorandum order, for which purpose plaintiffs' counsel should seek (1) to ascertain who will be representing defendants and (2) if possible, to arrange for that defense counsel's presence at that time.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: March 11, 2009

---

seem that the principles and procedures to be followed in such elections would also implicate state law.