IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROCCO ROPPO, et al., etc.,         )
                                    )
                Plaintiffs,         )
                                    )
      v.                            )    No.  09 C 1502
                                    )
ILLINOIS STATE BOARD OF ELECTIONS,  )
et al.,                             )
                                    )
                Defendants.         )

## MEMORANDUM OPINION AND ORDER

Immediately on receipt of the Judge's Copy of the newly-filed Complaint in this action, this Court followed its invariable practice under which it swiftly reviews the complaint in every case assigned to its calendar--a practice that it follows both to see whether any threshold problems need to be addressed and to consider the issuance of this Court's customary initial scheduling order.  In this instance that initial scrutiny, which of course included a reading of the provisions of the Illinois Constitution and the Illinois statute quoted early in the Complaint, triggered the immediate issuance of a March 11 memorandum order ("Order") that directed plaintiffs' counsel to address a fundamental question that the Complaint appeared to pose.

On the next day after the Order was issued, this Court received (belatedly as usual) its March 10 issue of the <u>Chicago Daily Law Bulletin</u>, which carried on page 1 an article about this lawsuit.  And in part the article, in addition to quoting

plaintiffs' counsel and providing information about another pending action brought by the same counsel, cited <u>Anagnost v. Layhe</u>, 230 Ill.App.3d 540, 595 N.E.2d 109 (1st Dist. 1992).

This Court lays no claim to prescience or to the possession of a judicial crystal ball. But on reading <u>Anagnost</u> it found that the opinion there expressly validates this Court's reading of the Illinois constitutional provisions involved and the need that this Court had expressed to read them as an integrated whole. Listen to what Presiding Justice Alan Greiman said for the <u>Anagnost</u> panel, 230 Ill.App.3d at 542-43, 595 N.E.2d at 110:

> Constitutional provisions which govern a particular subject cannot be viewed in isolation. For example, in <u>Thies v. State Board of Elections</u> (1988), 124 Ill.2d 317, 323, 124 Ill. Dec. 584, 529 N.E.2d 565, section 7(a), the constitutional provision for election of circuit court judges (Ill. Const. 1970, Art. VI, §7(a)), and section 11, the provision for eligibility for judges (Ill. Const. 1970, art. VI, §11), were read together because both sections govern any statutes relating to the circuit courts. Similarly, in the present case, the provisions of the judicial article (section 11 as to qualifications and section 15(a) as to retirement) are not mutually exclusive, but rather must be read together as a rational plan for the regulation of this state's judiciary.

That analysis really scotches the approach taken in the Complaint, which seeks to look to Ill. Const. Art. VI, §§11 and 12 without acknowledging the impact of Art. VI, §15(a) and its implementation by 705 ILCS 55/1. And that in turn fortified this Court's initial view, as set out in the Order, that the Complaint raises questions of state law and <u>not</u> any federal constitutional

2

issue.

At the March 20 status hearing scheduled by the Order, plaintiffs' counsel nevertheless offered to provide caselaw that in his view supported federal subject matter jurisdiction. This Court accordingly ordered both plaintiffs' counsel and counsel for defendants (who had not yet filed appearances but were present in court) to provide, on or before April 3, any citations deemed relevant to the issue--but not briefs arguing the matter--and it set a new April 9, 2009 status hearing date for purposes of further consideration.

On April 3 the parties' counsel--David Novoselsky, Esq. for plaintiffs and Assistant Attorney General Thomas Iopollo for defendants-- provided their input. On defendants' behalf that comprised not only a list of cases addressing this Court's inquiry but also photocopies of the opinions in those cases. It is really unnecessary to deal at length with the latter submission, which includes multiple holdings that flat-out negate what plaintiffs and their counsel have sought to do here.

Indeed, as if to prove the famous aphorism set out in Ecclesiastes 1:9 and 1:10,[1] fully three decades ago our Court of

---

[1] From the King James version:

    1:9  There is no new thing under the sun.

    1:10  Is there any thing whereof it may be said, "See, this is new?"--it hath been already of old time, which was before us.

Appeals spurred a challenge by other Illinois voters, who had joined with a certified class of Illinois judges in claiming that the Illinois Compulsory Retirement of Judges Act violated their constitutional rights. Trafelet v. Thompson, 594 F.2d 623, 631-32 (7th Cir. 1979) flatly rejected the voters' argument that the statute violated their federal constitutional rights by denying them the opportunity to vote for candidates of their choice--precisely the same purported "Fundamental Principle of Law Relied upon for Relief" that plaintiffs' counsel has set out in the current Complaint.

There is really no need to go farther, although the thick packet of other cases adduced by defense counsel also buttresses the just-stated principle. And that in turn calls into play the familiar teaching reconfirmed in Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

Even though defense counsel's packet also includes a number of cases that call for dismissal under such circumstances, one further instance of the serendipity encountered with surprising frequency in the business of judging has come in the just-decided April 2 opinion from our Court of Appeals in Bowens v. Quinn, No. 08-4153, 2009 WL 859552, at *1, which calls for dismissal where "the plaintiffs have no good constitutional claim."

4

This Court has of course reviewed the cases adduced by plaintiffs' counsel as well, with counsel's principal emphasis being placed on Buckley v. Ill. Judicial Inquiry Bd., 997 F.2d 224 (7th Cir. 1993), but with citations as well to the Supreme Court's opinion in Chisom v. Roemer, 501 U.S. 380 (1991)(cited mistakenly as Roemer v. Roemer) and to other Seventh Circuit opinions in addition to Buckley. But the fundamental flaw in plaintiffs' stance in that respect is that nothing in any of those opinions deals with the voters' claimed right that is sought to be advanced in this case--a purported right that Trafelet found nonexistent under the rational-relationship test that it applied in holding that no substantial federal question was presented and that no constitutional rights of the plaintiff voters could thus be infringed. This Court is of course duty bound to adhere to an unreversed and unquestioned opinion by our Court of Appeals--that is, unquestioned by that court itself--proclaiming the absence of subject matter jurisdiction.

Just so here. Federal subject matter jurisdiction is wanting, and both the Complaint and this action are therefore dismissed.[2] This dismissal is of course without prejudice to the continued pursuit by plaintiffs' counsel of a parallel state law claim, this time on behalf of a state court judge as well as

---

[2] This opinion also calls for vacating the previously-anticipated April 9 status hearing.

Illinois voters--see <u>Maddux v. Blagojevich</u>, originally Case No. 07 CH 25240 in the Circuit Court of Cook County's Chancery Division, now pending on appeal before the Illinois Supreme Court.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 6, 2009